CLEMENT, State Excise Com'r, v. FEDERAL UNION SURETY CO. et al.

(Supreme Court, Appellate Division, First Department.   November 22, 1907.)

1. APPEAL—REVIEW — HARMLESS ERROR — EXCLUSION OF EVIDENCE — FACTS OTHERWISE ESTABLISHED.

In an action by the state commissioner of excise for the breach of a liquor tax certificate bond, in that the holder permitted the premises where liquor was sold to become disorderly, error in the exclusion of evidence as to what certain witnesses saw at the premises, competent to establish the breach, was not cured because other witnesses were allowed to testify to facts which established the character of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4194.]

2. INTOXICATING LIQUORS—BONDS OF DEALERS—BREACH.

The condition of a liquor tax certificate bond that the holder of the certificate would not permit the premises where liquor was to be sold to become disorderly is broken where the premises are used for disorderly purposes, though without the knowledge or consent of the holder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 89.]

3. SAME—ACTIONS FOR BREACH—INSTRUCTIONS.

In an action by the state commissioner of excise for the breach of a liquor tax certificate bond, in that the holder permitted the premises where liquor was sold to become disorderly, the only witnesses were police officers. The commissioner was not a witness, and there was no evidence that either plaintiff or any of the witnesses had the slightest pecuniary interest in the controversy, and any amount for which the commissioner had a verdict went to the state. Held, that it was error not to instruct, as requested, that the commissioner was an official of the state and had no financial interest in the same, and to merely instruct that plaintiff was an official of the state, and leave it to the jury to determine what, if any, interest the commissioner had in the prosecution, and what, if any, interest the witnesses had in the case, and to weigh their testimony accordingly.

Appeal from Trial Term.

Action by Maynard N. Clement, as state commissioner of excise, against the Federal Union Surety Company and another.   From a judgment for defendant surety company and an order denying a new trial, plaintiff appeals.   Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Herbert H. Kellogg, for appellant.
Crowley Wentworth, for respondent.

INGRAHAM, J.   This is an action to recover upon a bond executed by Benjamin Apisdorf, as principal, and the defendant, as surety, as a condition of issuing a liquor tax certificate upon the application of the principal.   The condition of the bond was that:

"If the said liquor tax certificate applied for is given unto the said principal, and the said principal will not, while the business for which such liquor tax certificate is given shall be carried on, * * * suffer or permit such premises to become disorderly, and will not violate any of the provisions of the liquor tax law, or any act amendatory thereof or supplementary thereto, * * * then the above obligation to be void; otherwise, to remain in full force and virtue."

The complaint alleges that:

"The defendant Benjamin Apisdorf, the holder of said liquor tax certificate, did on each and every day from the 1st day of May, 1905, to and including the 31st day of December, 1905, and particularly on October 13, 1905, suffer and permit said premises, described in said liquor tax certificate as those in which traffic in liquors was to be carried on, to become, be, and remain disorderly, and during all of said period, and in and during the months aforesaid, did carry on and permit to be carried on and was interested in a traffic and business the carrying on of which was and is in violation of law, viz., * * * as a place for persons to visit for lewd, obscene, and indecent purposes, and by keeping and maintaining the same as a disorderly house and a house of ill fame, and as a place of public resort by lewd women and prostitutes to solicit for illicit sexual intercourse, whereby the decency of the neighborhood was habitually disturbed."

Notwithstanding the exclusion by the court of considerable competent evidence, we think that the court should have directed a verdict for the plaintiff. The evidence offered by the plaintiff was uncontradicted; no evidence having been offered by the defendant. The witnesses for the plaintiff were police officers whose duty it was, under section 315 of the charter (chapter 466, p. 136, of the Laws of 1901, as amended by chapter 621, p. 1519, of the Laws of 1905) "to carefully observe and inspect all houses of ill fame or prostitution and houses where common prostitutes resort or reside, and to repress and restrain all unlawful and disorderly conduct or practice therein." The nature of the business that was carried on upon these premises with the consent and concurrence of the persons ostensibly in charge of the premises, as disclosed by the testimony of the police officers, established that the defendant had suffered and permitted the house to become disorderly, and therefore there was a breach of the bond. There was considerable evidence offered and excluded as to what the police officers saw at the premises that was clearly competent, and it is difficult to understand upon what theory the trial judge excluded it. The only answer of the respondent to the exclusion of this testimony was that most of the facts were proved by subsequent witnesses; but the fact that other witnesses were allowed to testify to facts which established the character of the house does not cure the error in excluding competent testimony. No one can read this testimony and have the slightest doubt as to the character of the business transacted on these premises and that the liquor tax certificate holder had suffered and permitted the house to become disorderly in violation of the conditions of the bond.

I also think that the method of submitting the case to the jury was misleading. The jury were instructed that they must find that the acts testified to were done "with the knowledge and consent of the holder of the liquor tax certificate"; that, while it was not necessary to produce witnesses to swear that the holder of the liquor tax cer-

tificate actually did know, it was sufficient if he ought in the exercise of common sense and ordinary precaution to have known, what was going on in the premises. The condition of the bond was that the holder of the liquor tax certificate would not suffer or permit the said premises to become disorderly. To avoid liability he undertook to perform an affirmative act, which was to prevent the premises from becoming disorderly, and was liable upon the bond if he failed in this undertaking. He could not, by absenting himself from the premises and allowing those in charge to use the premises for disorderly purposes, escape the consequences.

One other ruling of the court in answer to a request of the plaintiff to charge requires attention. Counsel for the plaintiff submitted several requests to charge, one of which was that "the plaintiff, Maynard N. Clement, in bringing this action, is an official of the state, and that he has no financial interest whatever in the bringing of this charge"; and to this the court replied:

"I will charge that he is an official of the state. I will leave it to the jury to determine what, if any, interest he may have in the prosecution, as they may take into account what, if any, interest any of the other witnesses may have in the case, and weigh their testimony accordingly."

The only witnesses in the case were public officers, who, in the performance of their duty, had observed the facts to which they testified. The plaintiff was not a witness. There was not the slightest evidence to show that either the plaintiff or any of the witnesses in the case had the slightest pecuniary interest in the controversy. Any amount for which the plaintiff had a verdict went to the state, and neither to the parties nor to the witnesses. The plaintiff was entitled to have the attention of the jury called to the fact that the plaintiff was a public officer, whose duty it was to bring this action, if he had reasonable ground to suppose that the condition of the bond had been violated, and that he could have no pecuniary interest in the result. He was acting solely in the interest of the state, and would have been guilty of a violation of his duty if he had failed to prosecute the bond, having competent evidence to show that its conditions had been broken. The record discloses that the plaintiff could have no possible pecuniary interest in the prosecution of the action; but under this instruction the jury were allowed to speculate as to whether this public officer, in the performance of his duty, had a pecuniary interest in the result, without the slightest evidence to sustain it, and where, upon the record, neither the plaintiff nor any of the witnesses could have the slightest possible pecuniary interest in prosecuting the action. It was the duty of the court to uphold these public officers in the performance of their duty and to enforce the law against the holder of this liquor tax certificate and the surety upon his bond, and there can be no possible justification for the ruling in requiring the plaintiff and the police officers who were witnesses for the plaintiff to justify their conduct, or subjecting them to the suspicion of a pecuniary interest in the performance of the duty which the law imposed upon them. The plaintiff and the police officers were engaged in the performance of duties imposed upon them by law. They were endeavoring to enforce an obligation in favor of the state. They

had proved a state of facts from which the one inference that could be drawn was that the owner of the liquor tax certificate had violated the law; and yet it was left to the jury to determine what, if any, pecuniary interest the plaintiff might have in the prosecution of the action, and that the jury could also take into account what, if any, pecuniary interest any of the witnesses might have in the case, and weigh their testimony accordingly, when, upon the record, neither the plaintiff nor the witnesses could have the slightest interest, pecuniary or otherwise, in the claim then being prosecuted.

This trial was conducted in a way that threw upon the plaintiff in bringing the action and upon the police officers who had testified as witnesses on behalf of the state an entirely unjustifiable suspicion, which was not supported by any evidence in the case or by any inferences that could be drawn from the testimony. There were other rulings which are subject to criticism, but I think enough has been said to show that no verdict after such a trial can be allowed to stand.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.